LINKS: 7, 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04827 GAF (JEMx) | Date | October 15, 2013 |
|---|---|---|---|
| Title | Manuel Caceres v. Nationstar Mortgage, N.A. et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**      (In Chambers)

### ORDER TO SHOW CAUSE

     On July 3, 2013, Plaintiff Manuel Caceres filed a suit against Nationstar Mortgage, N.A., Nationstar Mortgage, LLC, and Aurora Loan Services.  (Docket No. 1, Compl.)  The Court issued an Order to Show Cause why the case should not be dismissed for lack of jurisdiction on September 25, 2013.  (Docket No. 7, [Order to Show Cause].)  Plaintiff timely filed both a response and a First Amended Complaint attempting to cure the defects in his pleading.  (Docket No. 8, [Reply to Order]; Docket No. 8-1, [First Amended Complaint ("FAC")].)  In addition, the First Amended Complaint added IH2 Property West, L.P., and Does 11–100 as Defendants.  (FAC.)  Neither the response nor the First Amended Complaint address the jurisdictional problems present in Plaintiff's initial Complaint.

     At the outset, the Court notes that Local Rule 19-1 does not permit a complaint to be filed that includes more than 10 Doe or fictitiously named parties.  Here, Plaintiff has amended his Complaint to include 100 Doe parties.  Accordingly, the Court hereby **DISMISSES** Doe Defendants 11 through 100, inclusive.

     Plaintiff alleges that the Court has diversity jurisdiction in this cause pursuant to 28 U.S.C. § 1332(a)(2).  (FAC ¶ 1.)  In assessing diversity jurisdiction, an individual's citizenship is determined by his state of domicile.  See Kanter v. Warner-Lamber Co., 265 F.3d 853, 857–58 (9th Cir. 2001).  "A person's domicile is his permanent home, where []he resides with the intention to remain or to which []he intends to return."  Id.  Plaintiff's First Amended Complaint alleges that he is a "Los Angeles County, State of California Resident."  (FAC ¶ 1.)  Mere allegations of residence are insufficient.  Plaintiff must also allege the state in which he makes his permanent home, or domicile, in order to establish his own citizenship.

LINKS: 7, 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04827 GAF (JEMx) | Date | October 15, 2013 |
|---|---|---|---|
| Title | Manuel Caceres v. Nationstar Mortgage, N.A. et al. | | |

In contrast, "[a]ll national banking associations . . . [are] deemed citizens of the State in which they are respectively located." 28 U.S.C. § 1348. And a national banking association is "located," for purposes of the diversity jurisdiction inquiry, in the state in which its main office is located. See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006). Plaintiff alleges that Defendant Nationstar Mortgage, N.A., is a wholly owned subsidiary of a "Texas Corporation." (FAC ¶ 2.) The citizenship of a parent company is not imputed to the subsidiary unless it is shown that the subsidiary is the alter ego of the parent. Danjaq, S.A. v. Pathe Communications Corp., 979 F.2d 772, 775 (9th Cir. 1992). The citizenship of Nationstar Mortgage, N.A., therefore depends upon the location of its own main office, which Plaintiff does not provide. (FAC ¶ 2.) Without this allegation, Plaintiff cannot adequately plead citizenship.

Nationstar Mortgage, LLC, and Aurora Loan Service appear to be corporations. A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(a). Plaintiff alleges the states of incorporation of both Nationstar Mortgage, LLC, and Aurora Loan Service -- Delaware and Colorado, respectively -- but he does not allege the principal place of business of either. (FAC ¶ 2.) To determine whether diversity exists between the parties, Plaintiff must allege Defendants' citizenship completely, which requires pleading their principal places of business.

Plaintiff's First Amended Complaint also adds a Defendant, IH2 Property West, L.P. (FAC ¶ 2.) Plaintiff is reminded that an unincorporated association -- such as a partnership -- has the citizenship of all of its constituent members. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff is therefore required to plead the citizenship of each of IH2 Property West's partners; simply alleging that it is a "Delware Limited Partnership" is insufficient. (FAC ¶ 2.)

The Court is again unable to determine whether it may exercise jurisdiction over this action because Plaintiff has not properly alleged the parties' citizenship. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction. Additionally, Doe Defendants 11 through 100, inclusive, are hereby **DISMISSED**. Plaintiff must submit a response to this Order **by close of business Monday, October 28, 2013. Failure to respond will be deemed consent to dismissal of the action.**

      **IT IS SO ORDERED.**