LINKS: 10, 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04827 GAF (JEMx) | Date | November 15, 2013 |
|---|---|---|---|
| Title | Manuel Caceres v. Nationstar Mortgage, N.A. et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Linda Jackson for Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

**ORDER TO SHOW CAUSE**

On July 3, 2013, Plaintiff Manuel Caceres filed a suit against Nationstar Mortgage, N.A., Nationstar Mortgage, LLC, and Aurora Loan Services. (Docket No. 1 [Compl.]) The Court issued an Order to Show Cause why the case should not be dismissed for lack of jurisdiction on September 25, 2013. (Docket No. 7 [9/25/2013 Order].) Plaintiff timely filed both a response and a proposed complaint attempting to cure the defects in his pleading. (Docket No. 8 [First Response].) The First Response was insufficient to plead complete diversity of the parties, so the Court once again ordered Plaintiff to show cause why the case should not be dismissed. (Docket No. 10 [10/15/2013 Order].) Plaintiff has now responded, again attaching a proposed pleading, which includes IH2 Property West, L.P., as another Defendant. (Docket No. 11 [Second Reply]; Docket No. 11-1 [First Amended Compl. ("FAC")].) The Second Reply and the FAC still do not adequately address the citizenship of Defendant Nationstar Mortgage, N.A., and therefore the Court cannot determine whether there is complete diversity in this case.

Plaintiff alleges that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(2). (FAC ¶ 1.) In assessing diversity jurisdiction, "[a]ll national banking associations . . . [are] deemed citizens of the State in which they are respectively located." 28 U.S.C. § 1348. And a national banking association is "located," for purposes of the diversity jurisdiction inquiry, in the state in which its main office is located. See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).

Plaintiff alleges that Defendant Nationstar Mortgage, N.A., has its principal place of business in Texas and is a wholly owned subsidiary of a "Texas Corporation." (FAC ¶ 2.) But a principal place of business is not the same as a main office. See Wachovia, 546 U.S. at 307 n.1

LINKS: 10, 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04827 GAF (JEMx) | Date | November 15, 2013 |
|---|---|---|---|
| Title | Manuel Caceres v. Nationstar Mortgage, N.A. et al. | | |

(describing what constitutes a "main office.")  Additionally, the citizenship of a parent company is not imputed to the subsidiary unless it is shown that the subsidiary is the alter ego of the parent.  Danjaq, S.A. v. Pathe Communications Corp., 979 F.2d 772, 775 (9th Cir. 1992).  The citizenship of Nationstar Mortgage, N.A., therefore depends upon the location of its own main office which, again, Plaintiff does not provide.  (FAC ¶ 2.)  Without this allegation, Plaintiff cannot adequately plead citizenship.

The Court is still unable to determine whether it may exercise jurisdiction over this action because Plaintiff has not properly alleged the citizenship of Nationstar Mortgage, N.A.  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff must submit a response to this Order **by close of business Monday, November 25, 2013.  Failure to respond will be deemed consent to dismissal of the action.**

**IT IS SO ORDERED.**