JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-4827 AG (JEMx) | Date | January 21, 2015 |
|---|---|---|---|
| Title | MANUEL CACERES v. NATIONSTAR MORTGAGE, N.A., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** **[IN CHAMBERS] ORDER REMANDING ACTION TO THE STATE COURT AND DISCHARGING ORDER TO SHOW CAUSE RE SANCTIONS**

This action concerns a foreclosure on Plaintiff Manuel Caceres's ("Plaintiff") real property after he attempted to modify his home loan.

Plaintiff previously filed an Ex Parte Application for a Temporary Restraining Order ("Application") to enjoin Defendants Nationstar Mortgage, N.A; Nationstar Mortgage, LLC; Aurora Loan Services, LLC; and IH2 Property West, LP (collectively, "Defendants") from initiating unlawful detainer actions in the state court during the pendency of this action.

The Court denied the Application and Ordered Plaintiff to show cause why the Court should not remand the action for lack of subject matter jurisdiction and to show cause why sanctions should not issue for bringing the Application in bad faith. (Order to Show Cause, "OSC," Dkt. No. 48.)

Plaintiff submitted a response to the Court's OSC. (Reply to OSC re Subject Matter Jurisdiction, Dkt. No. 50; Reply to OSC re Sanctions, Dkt. No. 49.)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4827 AG (JEMx) | Date | January 21, 2015 |
|---|---|---|---|
| Title | MANUEL CACERES v. NATIONSTAR MORTGAGE, N.A., et al. | | |

**SUBJECT MATTER JURISDICTION**

Concerning subject matter jurisdiction, Plaintiff stipulates to remand. (Dkt. No. 50.) Thus, the Court REMANDS this action to the state court.

**SANCTIONS**

When the Court issued the OSC re Sanctions, it appeared Plaintiff sought relief *despite* having filed a stipulation in the state court that seemed to preclude the Court from properly granting relief. In the stipulation filed in the state court, Plaintiff agreed to vacate the real property in exchange for voluntary dismissal of two unlawful detainer actions initiated against him. The stipulation filed in the state court states, among other things, that Plaintiff's counsel "represents all tenants and/or occupants" at the real property. (Opp'n to Ex Parte Application, Dkt. No. 47, Ex. A (stipulation).) It also states that "Defense counsel and defendants agree . . . to not oppose any subsequent UD action" and that "all occupants/tenants agree to vacate in 90 days." (*Id.*)

Plaintiff's counsel filed a declaration in response to the Court's OSC re Sanctions. He declares, among other things, that "[t]he term which states that the [Plaintiff and others living at the real property] were going to vacate the premises in 90 days was not meant to act as a judgment or promise to do so. As a matter of fact, only three of the . . . (tenants) were present at the trial and the Stipulation did not act to bind the other tenants except for service of the 90 day notice through my office." (Reply to OSC re Sanctions, Dkt. No. 49.)

In the Court's view, there are unexplained discrepancies between the statements in the stipulation and the facts as declared by counsel, and the appropriateness of bringing the Application is still questionable. Despite these discrepancies and the uncertainty of the appropriateness of the Application, the Court finds for several reasons that sanctions should not issue.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4827 AG (JEMx) | Date | January 21, 2015 |
|---|---|---|---|
| Title | MANUEL CACERES v. NATIONSTAR MORTGAGE, N.A., et al. | | |

The Court DISCHARGES the OSC re Sanctions.

: 0

Initials of Preparer    lmb